UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENA MACIAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KDF FOXDALE, L.P., et al.,<br><br>　　　　Defendants. | Case No.  5:18-cv-07712-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 38 |

Plaintiff Lena Macias ("Macias") brought this action against defendants KDF Foxdale, L.P., KDF Communities-Foxdale, LLC (collectively referred to as "KDF") and VPM Management, Inc. ("VPM" and collectively with KDF, "Defendants"), alleging violations of the Americans with Disabilities Act ("ADA"), the Federal Fair Housing Act ("FFHA"), the Rehabilitation Act of 1973, and various supplemental California laws. Plaintiff now seeks to leave to file a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(2). *See* Motion for Leave to File a Second Amended Complaint ("Motion"), Dkt. No. 38. The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Plaintiff's motion is **GRANTED**.

**I.   Background**

Plaintiff is a resident of the property located at 1250 Foxdale Loop, San Jose, CA 95122, known as Foxdale Village Apartments (the "Property"). Defendant KDF owns the Property and Defendant VPM manages the Property. Plaintiff is a person with physical disabilities who relies on a walker and a wheelchair for mobility. On December 25, 2018 Plaintiff filed her initial

Case No.: 5:18-cv-07712-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1

1  complaint, alleging, among other things, that Defendants refused to make reasonable
2  accommodations for disabled persons at the Property and failed to make the common areas at the
3  Property adaptable to the needs of disabled tenants.  On March 18, 2019, Plaintiff filed her First
4  Amended Complaint ("FAC"), which provided additional allegations regarding barriers to
5  accessibility on the Property and which added claims that Defendants retaliated against Plaintiff
6  for bringing this action.

7  On April 5, 2019 the parties took part in a site inspection of the Property pursuant to
8  General Order No. 56.  *See* Declaration of Irakli Karbelashvili, Dkt. No. 38-1 ("Karb. Decl."), ¶ 4.
9  Plaintiff's expert generated a site inspection report based on his findings at the April 5 inspection
10  (the "Report").  *Id.* at ¶ 6., Ex. A.  The Report allegedly identified additional accessibility barriers
11  related to Plaintiff's disability.  *Id.*  The Report was shared with Defendants on May 13, 2019.  *Id.*
12  at ¶ 7.  On September 30, 2019, the parties participated in Court-sponsored mediation under
13  General Order No. 56 (*see* Dkt. No. 27) but no settlement was reached.  Karb. Decl., ¶ 9.

14  On January 2, 2020, the Court issued a Case Management Scheduling Order (the
15  "Scheduling Order") that included a deadline to amend pleadings of sixty days from the date of the
16  order, *i.e.* March 2, 2020.  Dkt. No 33.  On February 11, 2020, Plaintiff filed the present motion
17  for leave to file the SAC to add allegations regarding the additional deficiencies identified in the
18  Report.  Plaintiff also seeks to add Personal Protective Services, Inc., who she alleges is the
19  security services provider at the Property, as an additional defendant.  Karb. Decl., Ex. F., ¶ 1.
20  Defendants oppose the Motion.  *See* KDF's Opposition, Dkt. No. 41, and VPM's Opposition, Dkt.
21  No. 42.

22  **II.     Discussion**

23  The Parties disagree as to whether the motion is governed by Rule 15 or Rule 16 of the
24  Federal Rules of Civil Procedure.  Motions to amend the pleadings are generally governed by Rule
25  15, however, motions to amend filed after the date set in the court's scheduling order are governed
26  by Rule 16.  *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017).

27  Case No.: 5:18-cv-07712-EJD
28  ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

2

Under Rule 16(b), a party seeking to amend a scheduling order must demonstrate sufficient "good cause" for the relief. Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Defendants argue that Macias did not meet this Court's deadline for amending pleadings and must satisfy the "good cause" standard of Federal Rule of Civil Procedure 16, not the more liberal standard in Rule 15.

The Court's Scheduling Order set a deadline for "joinder of any additional parties, or other amendments to the pleadings" of "sixty days after entry of this order," *i.e.* March 2, 2020. The Scheduling Order further states that "[a]mendments sought after the deadline must comply with Federal Rule of Civil Procedure 16." Plaintiff filed her motion on February 11, 2020. Plaintiff's motion was filed before the deadline for amendment and, therefore, she need only meet the requirements for leave to amend under Rule 15. The Scheduling Order does not, as Defendants suggest, require that Plaintiff's motion be *resolved* by the deadline, only that it be filed. *See Cox v. Aero Automatic Sprinkler Co.*, No. 5:14-CV-02723-EJD, 2015 WL 1848426, at *1 (N.D. Cal. Apr. 16, 2015) (finding that plaintiff's motion for leave to amend was governed by Rule 15 "because it was filed within the timeframe specified in the Case Management Order," even though it was not resolved until after the deadline had passed).

Leave to amend under Rule 15 is generally granted liberally. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave should be granted with "extreme liberality"). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation and quotation omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to

Case No.: 5:18-cv-07712-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

3

amend." *Id.* (citation and quotation omitted). "The party opposing amendment bears the burden of showing prejudice." *WeRide Corp. v. Kun Huang*, No. 5:18-CV-07233-EJD, 2019 WL 3555343, at *1 (N.D. Cal. Aug. 5, 2019).

### 1. Prejudice

Defendants argue that they would suffer unfair prejudice if Plaintiff is allowed to amend the complaint because under the deadlines set forth in the Scheduling Order, Defendants would essentially be precluded from conducting discovery on the new allegations. On April 27, 2020, the parties filed a joint statement in which they proposed modifying the deadlines in the discovery deadlines by 45 days in light of the ongoing COVID-19 pandemic. *See* Joint Trial Setting Conference Statement, Dkt. No. 45, pp. 9-10. The parties noted that the discovery deadlines might need to be further continued if the Court grants Plaintiff's motion for leave to amend. *Id.* at p. 9. In order to prevent any prejudice to Defendants with respect to discovery related to allegations in the SAC, the Court will continue the discovery deadlines in the Scheduling Order by 60 days.

KDF further argues that it is prejudiced because Plaintiff's motion was filed after the Court-ordered mediation, preventing Defendants from "properly evaluating the case as the critical mediation stage." KDF Opp., p. 7. The Court finds this argument unpersuasive. Defendants had access to the Report, on which all of Plaintiff's new allegations are based, as of May 13, 2019. *Id.* at p. 3. The parties could have and should have discussed any and all potential violations during the mediation, not just the ones that were alleged in the operative pleading at the time. *Henning v. Sebastian*, No. 5:13-cv-01004 EJD, 2014 WL 2468556, at *2 (N.D. Cal. June 2, 2014). While Plaintiff certainly could have sought to amend her complaint sooner, her failure to do so does not result in any significant prejudice to Defendants. *See Ibid.*; *Sierra Club v. Union Oil Co. of California*, 813 F.2d 1480, 1493 (9th Cir. 1987), *cert. granted, judgment vacated*, 485 U.S. 931 (1988), *reinstated on remand*, 853 F.2d 667 (9th Cir. 1988) ("where a defendant is on notice of the facts contained in an amendment to a complaint, there is no serious prejudice to defendant in allowing the amendment.").

Case No.: 5:18-cv-07712-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
4

### 2. Undue Delay

Defendants contend that Plaintiff unreasonably delayed filing this Motion. Defendants reason that all of the new allegations Plaintiff seeks to include in her SAC could have been asserted as early as April 2019, when Plaintiff received the Report following the site inspection. KDF Opp., p. 5. Plaintiff contends that she held off on amending the complaint because she believed the parties would settle at mediation. Motion, p. 8. Defendants point out, however, that Plaintiff failed to bring this Motion for more than four months after the mediation concluded in September 2019. KDF Opp., p. 5. Although Defendants raise a valid point, "delay alone is insufficient to justify denying Plaintiff leave to amend." *Stovall v. Align Tech., Inc.*, No. 5:18-CV-07540-EJD, 2019 WL 3945104, at *1–2 (N.D. Cal. Aug. 21, 2019); *see also Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (denial of leave to amend based on undue delay is improper without a "contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment.").

### 3. Bad Faith

Defendants argue that Plaintiff acted in bad faith by causing Defendants to incur significant costs at mediation, and by choosing a May 7, 2020 hearing date for her motion so that Defendants would not have an opportunity to conduct discovery on the new allegations. First, as discussed above, the Court finds that the mediation should have addressed all potential grievances the parties were aware of, including those in the Report. Thus, the parties' efforts at mediation were not in vain, despite the subsequent filing of the SAC. Although Plaintiff could have sought leave to amend before mediation, her decision to wait does not suggest bad faith.

Second, the Court finds that Plaintiff followed the proper procedure for reserving a hearing date for her motion pursuant to the Court's Standing Order for Civil Cases. The selection of May 7, 2020 as a hearing date was a consequence of the Court's calendar and does not evidence any bad faith on the part of Plaintiff.

Case No.: 5:18-cv-07712-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

5

### 4. Futility

Finally, Defendants argue that the proposed amendment is futile as a matter of law because they contend that the new allegations pertain to the "purely residential portion" of the Property to which the ADA does not apply. Plaintiff argues that the SAC adequately alleges that portions of the Property that are subject to the ADA as public accommodations. Reply, pp. 7-8.

"The test for whether amendment of a complaint is futile is the same as whether a proposed amendment would survive a challenge under Rule 12(b)(6). *McGowan v. Cty. of Kern*, No. 115-CV-01365-DAD-SKO, 2018 WL 2734970, at *4 (E.D. Cal. June 7, 2018); *see also Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (noting the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)"). The Court therefore "must accept as true all factual allegations in the [proposed] complaint," as it would on a Rule 12(b)(6) motion. *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).

"Under federal law, apartments and condominiums do not, generally speaking, constitute public accommodations within the meaning of the ADA," however, certain portions of a residential building may be covered by the ADA if "made available to the general public for rental or use." *Trostenetsky v. Keys Condo. Owners Ass'n*, No. 17-CV-04167-RS, 2018 WL 2234599, at *2 (N.D. Cal. May 16, 2018); *see also Indep. Housing Servs. of S.F. v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 n.14 (N.D. Cal. 1993) ("Although the Act covers public accommodations including an inn, hotel, motel, or other place of lodging, 42 U.S.C. § 12181(7)(A), the legislative history of the ADA clarifies that 'other place of lodging' does not include residential facilities.").

Plaintiff alleges, "upon information and belief, the leasing office, walkways, path of travels around the Property and parking facilities are all open to the public in large." SAC, Dkt. No. 38-8, ¶ 21. Without citation to the SAC, KDF asserts that "the property and the specific locations identified in the proposed SAC . . . are not places of public accommodation as defined by the

Case No.: 5:18-cv-07712-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
6

Case 5:18-cv-07712-EJD   Document 47   Filed 05/01/20   Page 7 of 7

ADA." KDF Opp., p. 9. Without more, Defendants fail to show that the allegations in the SAC are insufficient to establish portions of the Property as public accommodations under the ADA. Moreover, the SAC includes claims under the FFHA and related California law that are not dependent on the Property being a public accommodation. Thus, Defendants have not shown that amendment would be futile.

### III. Conclusion

Based on the foregoing, Plaintiff's motion for leave to file her Second Amended Complaint is **GRANTED**. In light of the new allegations in the SAC as well as the parties' request to extend discovery deadlines due to COVID-19, the Scheduling Order shall be modified to continue the discovery deadlines approximately 60 days. The Court will issue an updated Scheduling Order reflecting the new deadlines.

**IT IS SO ORDERED.**

Dated: May 1, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07712-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
7